IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

**JOSEPH REYNA,**

   Plaintiff,

v.

**U.S. AGENCY FOR GLOBAL MEDIA,**

   Defendant.

**Civil Action No.** _____

Case: 1:25−cv−01707
Assigned To : Unassigned
Assign. Date : 5/30/2025
Description: FOIA/Privacy Act (I−DECK)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

(Freedom of Information Act, 5 U.S.C. § 552)

**Filed: May 26, 2025**

## I. PRELIMINARY STATEMENT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, brought by a public-interest researcher, filing *pro se*, seeking the timely release of agency



RECEIVED
MAY 30 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

records wrongfully withheld by the U.S. Agency for Global Media ("USAGM").

2. These records relate to Voice of America's editorial choices and internal communications involving music industry reporting, including topics such as alleged algorithmic manipulation, suppression of independent artists, and possible foreign influence over streaming platforms.

3. Despite clear statutory justification and urgent public interest, USAGM denied Plaintiff's request for expedited processing (FOIA25-178), even after appeal, and has failed to produce any records or provide a valid explanation.

4. This lawsuit seeks transparency in an era where both federal broadcasting and the global entertainment economy are under heightened public scrutiny. The requested records relate to potential violations of public trust, the statutory duties of a taxpayer-funded broadcaster, and international equity concerns.

5. Plaintiff asserts this Complaint not to burden the Court, but to fulfill FOIA's intended purpose: informed democracy through accessible government information. Plaintiff has standing under 5 U.S.C. § 552(a)(4)(B) as a requester whose statutory rights have been denied, and under Article III due to the informational injury caused by Defendant's failure to disclose public records in a timely manner.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 (federal question).

7. This unjustified delay constitutes final agency action unlawfully withheld and unreasonably delayed under 5 U.S.C. § 706(1), and violates FOIA's affirmative disclosure obligations.

8. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B), as the Defendant is headquartered in Washington, D.C., and the records sought are located here.

## III. PARTIES

9. **Plaintiff** Joseph Reyna is a Texas-based public-interest journalist, whistleblower advocate, and nonprofit founder. He brings this action *pro se* as the only feasible means of protecting the public's right to know.

10. **Defendant** U.S. Agency for Global Media is an independent federal agency headquartered in Washington, D.C., responsible for overseeing Voice of America and other government-funded international broadcasters.

## IV. FACTUAL BACKGROUND

11. On March 16, 2025, Plaintiff submitted FOIA Request No. FOIA25-178 seeking editorial and strategic communications from USAGM and Voice of America regarding:

   a. Reporting on music industry litigation (e.g., *Drake v. UMG*);

   b. Allegations of corporate interference and blacklisting;

   c. Algorithmic suppression of content and foreign influence in streaming platforms.

12. Plaintiff requested expedited processing under 5 U.S.C. § 552(a)(6)(E), citing:

    (1) public urgency,

    (2) his journalistic role, and

    (3) imminent whistleblower activity related to federal media oversight and IRS filings.

13. USAGM denied expedited processing on March 24, 2025.

14. Plaintiff appealed that denial the same day with supporting evidence.

15. On April 9, 2025, the denial was affirmed.

16. On April 23, 2025, Plaintiff sought assistance from the Office of Government Information Services (OGIS), which declined to intervene or mediate.

17. To date, USAGM has produced no responsive records and offered no lawful exemption, timeline, or substantive update.

18. The pattern of delay and denial violates FOIA's disclosure mandate and constitutes agency inaction under the Administrative Procedure Act.

19. The withheld records potentially implicate foreign equity, viewpoint discrimination, and algorithmic bias within a federally funded broadcaster. Copies of the original FOIA request, administrative appeal, and related correspondence with the Office of Government Information Services (OGIS) are included as Exhibits A, B, and C to this filing.

---

## V. CLAIMS FOR RELIEF

**Count I – Violation of FOIA: Denial of Expedited Processing**

20. Plaintiff incorporates paragraphs 1–19.

21. Plaintiff's request met the requirements of 5 U.S.C. § 552(a)(6)(E).

22. Defendant's denial was arbitrary, unsupported by fact, and inconsistent with binding D.C. Circuit precedent (*Al-Fayed v. CIA*, 254 F.3d 300 (D.C. Cir. 2001)).

---

**Count II – Violation of FOIA: Failure to Disclose Records**

23. Plaintiff incorporates paragraphs 1–22.

24. Defendant has failed to produce any records responsive to FOIA25-178, in violation of 5 U.S.C. § 552(a)(3)(A).

25. No valid exemptions have been cited.

---

**Count III – Pattern or Practice of Denial**

26. Plaintiff incorporates paragraphs 1–25.

27. Defendant's repeated denials and delay tactics, including failure to respond meaningfully even under normal processing, reflect a pattern of noncompliance under FOIA. This pattern of selective editorial suppression may also implicate constitutional concerns if it results in viewpoint-based discrimination by a publicly funded broadcaster.

## VI. RELIEF REQUESTED

Plaintiff, appearing *pro se* and seeking no financial profit, respectfully asks the Court to:

a. Declare that Defendant violated FOIA by arbitrarily denying expedited processing;

b. Declare that Defendant has unlawfully withheld agency records;

c. Order Defendant to immediately disclose all responsive, non-exempt records;

d. Order production of a *Vaughn* index describing withheld material and claimed exemptions, if any;

e. Award Plaintiff reasonable costs as permitted under 5 U.S.C. § 552(a)(4)(E);

f. Appoint a Court Monitor or Special Master if needed to ensure timely compliance;

g. Require USAGM to adopt internal policy improvements or training on FOIA expedited processing, monitored by this Court or a third party;

h. Schedule a Rule 16 status hearing or require USAGM to submit a proposed production timeline within 30 days; and

i. Grant such other relief as this Court deems just, necessary, and in service of the public interest.

**Respectfully submitted,**

**Dated:** May 26, 2025

/s/ Joseph Reyna

Joseph Reyna

Pro Se Plaintiff

Verified by pdfFiller
05/30/2025

Dreams Over Dollars

28251 Boerne Stage Road

Boerne, TX 78006

whitehat@joecattt.com

(956) 202-5580

---

**CERTIFICATE OF SERVICE**

I certify that, upon approval of my application to proceed *in forma pauperis*, a copy of this Complaint and Summons will be served upon the Defendant by the U.S. Marshals Service, in accordance with Rule 4(i) of the Federal Rules of Civil Procedure.

**Dated:** May 26, 2025

**/s/ Joseph Reyna**

Joseph Reyna

---